

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY D. McCLURE,

  Plaintiff,

-vs-

CITY OF DETROIT; ELLA BULLY-CUMMINGS, CHIEF;
ROY HARRIS, SGT.;  in their individual
& personal capacities,

  Defendants.
_____/

Case:2:11-cv-12035
Judge: Rosen, Gerald E.
MJ: Komives, Paul J.
Filed: 05-10-2011 At 09:18 AM
CMP TIMOTHY MCCLURE V CITY OF DETRO
IT, ET AL (LG)

Timothy D. McClure, #301486
Plaintiff, In Pro Per
Gus Harrison Correctional Facility (ARF)
2727 East Beecher Street
Adrian, Michigan 49221

City of Detroit; Ella Bully-Cummings, Chief;
Roy Harris, Sgt.
Defendants
Detroit Police Department
1300 Beaubien
Detroit, Michigan 48226

_____

PLAINTIFF'S VERIFIED COMPLAINT FOR 42 U.S.C. § 1983

There is no other civil action between these parties arising
out of the same transaction or occurrence as alleged in this
Complaint pending in this Court, nor has any such action
been previously filed and dismissed or transferred after
having been assigned to a judge, nor do I know of any other
civil action, not between these parties, arising out of the
same transaction or occurrence as alleged in this Complaint
that is either pending or was previously filed and dismissed,
transferred, or otherwise disposed of after having been
assigned to a judge in this Court.

Timothy D. McClure, #301486

1

NOW COMES Plaintiff, Timothy D. McClure, in pro per and for his verified Complaint for 42 U.S.C. § 1983, and for other various civil rights violations against the defendants, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Timothy D. McClure, is a resident (citizen) of the City of Detroit.

2. Defendant, City of Detroit ("City") is a corporation (municipal), existing and organized under the laws of the State of Michigan. The "City" is responsible for the acts or ommisions of its emplyee's.

3. Defendant, Ella Bully-Cummings, individually and/or in her official capacity as Chief of Police for the City of Detroit, was, at all times rlevant hereto, a resident of the City of Detroit, County of Wayne, State of Michigan.

4. Defendant, Roy Harris, individually and/or in his official capacity as Seargent - Narcotics Division for the City of Detroit, was, at all times relevant hereto, a resident of the City of Detroit, County of Wayne, State of Michigan.

5. Plaintiff has brought this cause of action pursuant to 42 U.S.C. § 1983, and further alleges acts or ommsions of excessive use of force in arrest, sexual (gender) discrimination, and violation of civil rights, and violation of his "tort" cause of action of assault and battery, under the law of the State of Michigan and Michigan Constitution of 1963, accordingly.

6. The City is also liable becuase of its policies, practices, customs, all of which led to the violations alleged herein.

7. Ay all relevant times, Defendants acted under "color of law" pursuant to their authority as police officers.

8. The amount in controversy exceeds Ten Thousand Dollars ($10,000), exclusive of interest, costs, and attorney fees.

9. Venue is proper since all the parties reside or are incorporated and/or established within the County of Wayne, State of Michigan.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 9 as if more fully set forth herein and further complains as follows:

11. On January 9th, 2010, while en route to my residence located in the

City of Detroit, I was stopped by Sgt. Roy Harris, Narcotics Officer. While I was attempting to stop my vehicle I lost control of my vehicle and struck another vehicle on the opposite side of traffic. I briefly fell unconcsience. I awoke to Sgt. Harris banging on my window ordering me to get my "faggot ass" out of the vehicle.

12. I attempted to exit the vehicle by attempting to open the driverside door. I was unsuccessful with opening the door. I attempted to then exit the passenger side door. Again, I was unsuccessful with this door as well. So I tried to exit through the rear doors. I tried to exit through these doors and again I was unsuccessful when I noticed that through these doors you must lift the handle to unlock these doors.

13. When I exited the vehicle I was greeted with Sgt. Harris's fist.

13a. Sgt. Harris began to aasault me.

13b. Sgt. Harris began to strike me in the face with his hand slapping me.

13c. Sgt. Harris began to also punch me in the face with his fist.

13d. While Sgt. Harris was assaulting me he had his weapon drawn on me very close.

13e. While Sgt. Harris was assaulting me, he stated that he saw "my faggot ass" gay pride bumper sticker that was on the vehicle.

13f. Sgt. Harris asserted to me that he hates homosexuals.

14. By this time it was clear to me that Sgt. Harris was only interested in nothing but to assault me. Sgt. Harris never gave me an order in which to comply with. I, fearing for my life decided to run from Sgt. Harris. I ran a short distance into an abandoned shack. The shack style home was littered with debris. Sgt. Harris entered and began to kick and assault me again.

15. As Sgt. Harris was assaulting me, his gun fired, when Sgt. Harris' gun fired it struck Plaintiff in the testicle. I told Sgt. Harris that he shot me. Sgt. Harris continued to assault me. While Sgt. Harris was assaulting me he put his radio on the couch before he shot me. After he shot me I picked up the radio and screamed into it for help as I was in a lot of pain. Sgt. Harris put me into handcuffs when I thought he was done beating me, he began to beat me somemore. Backup arrived and they began to beat and assault me while I was in handcuffs and at no time during these assaults did I resist.

## COUNT I - VIOLATION OF EXCESSIVE USE OF FORCE IN ARREST

16. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 15 as if more fully set forth herein and further complains as follows:

17. Defendants, individually or in concert and collusion with eachother and possibly with others within the Department, owed Plaintiff a general duty of care not to cause him injuries or damages which duty arose out of the special relationship between the parties hereto.

18. The actions of Defendants as more fully set forth herein constitute gross negligence as defined by 42 U.S.C. § 1983 and as such, prevents Defendants asserting a defense of governmental immunity.

19. As a result of Defendants gross negligence, Plaintiff's good name, reputation, honor, and integrity have been forever damaged.

20. Further, these acts or ommsions of Defendants were a direct legal proximate cause to Plaintiff's injuries. Plaintiff has also suffered emotional distress, severe anxiety, mental anguish and humiliation with post-traumatic stress syndrome.

## COUNT II - SEXUAL (GENDER) DISCRIMINATION

21. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 20 as if more fully set forth herein and and further complains as follows:

22. Defendants violated the SEXUAL DISCRIMINATION claim when they discriminated against Plaintiff as described herein regarding the alleged traffic stop and opposed illegal police practices.

23. Sgt. Roy Harris's retalliation against Plaintiff were intentional; further evincing a possibel "hate-crime."

24. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has sustained injuries and damages including but not limited to: physical, mental, and emotional injury-distress; loss of esteem for the police community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue his chosen gender.

## COUNT III - ASSAULT AND BATTERY

25. Plaintiff repeats and incorpretes by reference each and every allegation contained in paragraphs 1 through 24 as if more fully set forth herein and and further complains as follows:

26. The actions of Defendant Herris in using physical force against the Plaintiff without need or provocation constituted the tort of assault and battery under the law of the State of Michigan.

27. The actions or ommisions of Defendants named herein, in using or not stopping and/or by its unconstitutional custom, policies, and practices, using phsical force in violation of Plaintiff's Constitutional rights and tort law

without need or provocation or in failing to intervene to prevent the missuse of force, in violation of custom, policies, procedures/practices, were done maliciously and sadistically and constituted a violation of the Eighth Amendment of the Constitution of the United States of America.

## COUNT IV - CIVIL RIGHTS VIOLATIONS

28. Plaintiff repeats and incorporates by reference each and every allegation contained in paragraphs 1 through 27 as if more fully set forth herein and further complains as follows:

29. Defendants acting under color of law did breach and take away rights granted to the Plaintiff pursuant to the United States Constitution, its Amendments, and the Constitution of the State of Michigan, 1963, and its Amendments, particulary concerning the safety and welbeing of its citizen's.

30. Defendants adopted and maintained the following policies, practices/ procedures, and customs, which cause violations of Plaintiff's Constitutional rights:

A. Failing to establish a bonafide and meaningful Departmental system for dealing with complaints of alleged police misconduct.

31. As a result of Defendants constitutional violations, Plaintiff's good name, reputation, honor, and integrity, have been forever damaged.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully request that the court grant the following relief:

A.) Award compensatory damages in the amount in excess of $1,000,000.

B.) Award punitive damages in the amount of $25,000,000.

C). Award declatory ruling in favor of Plaintiff's violation of his Constitutional rights protected under the United States of America and the State of Michigan.

D.) Award Plaintiff costs, interest, and attorney fees.

E.) Grant such other relief that is equitable as it may appear that Plaintiff is entitled in good conscience under the circumstances.

## V E R I F I C A T I O N

I have read the foregoing Complaint and declare, under penalty of perjury, that the statements above are true to the best of my information, knowledge, and belief. 28 U.S.C. § 1746, Fed R Civ P 11 Rule 11(a)(b)(c), and MCR 2.114. Executed this 4Th day of __MAY__,2011.

cc:filex6

Respectfully Submitted,

/s/ Timothy D. McClure

Timothy D. McClure, #301486
Plaintiff, In Pro Per

5

CITY OF DETROIT
2 WOODWARD AVE
DETROIT, MI 48226


ELLA BULLY-COMMINGS
1300 BEAUDIEN
DETROIT, MI 48226


ROY HARRIS, SGT
1300 BEAUBIEN
DETROIT, MI 48226

CERTIFICATE OF SERVICE

I, state that on this 4th day of **MAY** , 2011, I caused to be
mailed 5 copies of my 42 U.S.C. § 1983 Complaint (Ipse.) with Preamble, upon
the, Clerk of The Court, United States District Court, Eastern District, Southern
Division, 231 W. Lafayette Blvd., Detroit, Michigan 48226, by way of:

[ ] Regular Outgoing U.S. Postal Mail Service for the,
Gus Harrison Correctional Facility, First Class Postage,

or

[✓] EXPEDITE LEGAL MAIL DEPOSITS-DISBURSEMENT FORM
of the, Gus Harrison Correctional Facility outgoing
U.S. Mail Service.

/s/ _Timothy Semsch_

Timothy J. Semsch, 450105
Plaintiff, In Pro Per
Gus Harrison Corr. Facility (ARF-S)
2727 E. Beecher St.
Adrian, MI 49221

# CIVIL COVER SHEET FOR PRISONER CASES

**Case No.** 11-12035          **Judge:** Gerald E. Rosen          **Magistrate Judge:** Paul J. Komives

| | |
|---|---|
| **Name of 1st Listed Plaintiff/Petitioner:** <br><br> TIMOTHY MCCLURE | **Name of 1st Listed Defendant/Respondent:** <br><br> CITY OF DETROIT, ET AL |
| **Inmate Number:** 301486 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:** <br> Gus Harrison Correctional Facility <br> 2727 E. Beecher Street <br> Adrian, MI 49221 <br> LENAWEE COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   - ☐ Yes          ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   - ☐ Yes          ☒ No
   - ➢ If yes, give the following information:
     - Court: _____
     - Case No: _____
     - Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases