UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY D. McCLURE,

      Plaintiff,

                              CASE NO. 2:11-CV-12035
v.                         CHIEF JUDGE GERALD E. ROSEN
                              MAGISTRATE JUDGE PAUL KOMIVES

CITY OF DETROIT, ELLA BULLY-
CUMMINGS, CHIEF, and ROY HARRIS,
SGT., in their individual and personal
capacities,

      Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT (docket #26)**

I.     RECOMMENDATION: The Court should grant defendants' motion for summary judgment.

II.    REPORT:

A.    *Background*

Plaintiff Timothy McClure commenced this action on May 10, 2011, by filing a *pro se* civil rights complaint. Plaintiff is now represented by counsel. Defendants are Detroit Police Sergeant Roy Harris, Chief Ella Bully-Cummings, and the City of Detroit. Plaintiff generally alleges that Sergeant Harris assaulted him and used excessive force in effectuating his arrest. Plaintiff asserts claims of excessive force under the Fourth Amendment and 42 U.S.C. § 1983, and state law claims of assault and battery. The matter is currently before the Court on defendants' motion for summary judgment, filed on May 22, 2013. Defendants argue that plaintiff's claims are barred by the statute of limitations. Plaintiff, through counsel, filed a response on November 10, 2014. Plaintiff concedes that his claims are untimely, but argues that he is entitled to equitable tolling of the limitations period. Defendants filed a reply on November 14, 2014. For the reasons that follow, the Court should grant

defendants' motion for summary judgment.

B.     *Legal Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325; *see also*, FED. R. CIV. P. 56(c)(1) (moving party may meet its burden by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453

2

(6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e). To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained: "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.   *Discussion*

   1.   *Limitations Generally*

For purposes of claims brought under 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of such claims. *See Wilson v. Garcia*, 471 U.S. 268-69 (1985). The same is true of state provisions tolling statutes of limitations. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). As the Supreme Court has directed, the federal courts should apply the single most analogous state personal injury statute of limitations to § 1983 claims. *See Wilson*, 471 U.S. at 276. The Supreme Court has rejected a claim-by-claim approach to limitations periods under § 1983. Rather, the Court has interpreted the borrowing principle enacted by Congress "as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Wilson*, 471 U.S. at 275. And, the Court continued, the most analogous limitations period for § 1983 claims is the state limitations period governing personal injury actions. *See id.* at 278-80. "Thus, federal courts must apply the state statute of limitations for personal injury claims in *all* § 1983 cases." *Southerland v.*

*Hardaway Mgmt. Co., Inc.*, 41 F.3d 250, 253 (6th Cir. 1994) (emphasis added). In Michigan, that period is three years. *See* MICH. COMP. LAWS § 600.5805(10). *See generally*, *Hardin*, 490 U.S. at 540 ("It is undisputed that the limitations period applicable to this case is three years, as established in Michigan's statute governing personal injury actions."). Although statutes of limitations and tolling principles are governed by state law, the question of when civil rights claims accrue remains one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Generally, a civil rights cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Sevier*, 742 F.2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

Plaintiff's state law assault and battery claims are subject to a two-year limitations period. *See* MICH. COMP. LAWS § 600.5805(2). Under Michigan law, "a cause of action for a tortious injury accrues when all the elements of the claim have occurred and can be alleged in a proper complaint." *Schaendorf v. Consumers Energy Co.*, 275 Mich. App. 507, 512, 739 N.W.2d 402, 406 (2007).

2.   *Analysis*

There is no dispute that plaintiff's claims are untimely. Although plaintiff alleged in his *pro se* complaint that the acts that are the subject of this suit occurred on January 9, 2010, it is now undisputed that the incident occurred on January 9, 2008. Under § 1983, an excessive force claim, that date is the date on which the excessive force is used. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998); *Jackson v. Nicoletti*, 875 F. Supp. 1107, 1109 (E.D. Pa. 1994); *Perez v. Police Dep't of City of New York*, 872 F. Supp. 49, 51 (S.D.N.Y. 1994), *aff'd*, 71 F.3d 405 (2d Cir. 1995); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685 (E.D. Va. 1994); *Oakes v. Cooke*,

858 F. Supp. 330, 333 (N.D.N.Y. 1994). Similarly, plaintiff's state law assault and battery claim accrued at the time of the assault. *See Smith v. Simowsik*, No. 06-12402, 2007 WL 1129386, at *4 (E.D. Mich. Apr. 16, 2007) (Zatkoff, J., adopting recommendation of Majzoub, M.J.). Plaintiff's complaint was filed on May 10, 2011, more than three years after his claims accrued. Thus, the claims are untimely.

Plaintiff concedes the foregoing, but nonetheless argues that he is entitled to equitable tolling of the limitations period. Plaintiff contends that his criminal defense attorney advised him that the statute of limitations would be tolled during his incarceration, and that under the Sixth Circuit's five-factor test for equitable tolling set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) and its progeny, he is entitled to equitable tolling of the limitations period. The parties' reliance on federal equitable tolling principles is misplaced. Under § 1983, plaintiff's entitlement to equitable tolling is governed by Michigan law. *See Bynum v. Municipality, City & County of Denver*, 550 Fed. Appx. 560, 562 (10th Cir. 2013); *Fayoade v. Spratte*, 284 Fed. Appx. 345, 347 (7th Cir. 2008); *Bradberry v. Arpaio*, 262 Fed. Appx. 787, 787 (9th Cir. 2007); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005); *cf. Wallace v. Kato*, 549 U.S. 384, 394 (2007) (noting, in context of an equitable tolling argument raised by the dissent, that federal courts in § 1983 actions generally look to state law principles for tolling the limitations period). It appears that Michigan no longer recognizes a common law equitable tolling doctrine; rather, a plaintiff's right to equitable tolling must be based on a statutory right to tolling. *See Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. 11-CV-14502, 2012 WL 5828623, at *8 n.2 (E.D. Mich. July 6, 2012) (Goldsmith, J.) (citing *Livingston v. C. Michael Villar, P.C.*, No. 299687, 2012 WL 639322, at *2 (Mich. Ct. App. Feb. 28, 2012) (per curiam)) ("In Michigan, equitable tolling does not exist except as provided by statute."); *cf. Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 389-392,

738 N.W.2d 664, 670-72 (2007); *Chandler v. Wackenhut Corp.*, 465 Fed. Appx. 425, 431-32 (6th Cir. 2012). Michigan does provide, by statute, that:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

MICH. COMP. LAWS § 600.5855. Plaintiff cannot show that he is entitled to tolling under this provision. To be entitled to tolling under § 600.5855, a plaintiff must show "that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient." *Sills v. Oakland Gen'l Hosp.*, 220 Mich. App. 303, 310, 559 N.W.2d 348, 352 (1996); s*ee also*, *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 642-43, 692 N.W.2d 398, 405 (2004). "Courts are to strictly construe and narrowly apply the fraudulent concealment exception." *Riverside Auto Sales, Inc. v. GE Capital Warranty Corp.*, No. 2:03-CV-55, 2004 WL 2106638, at *5 (W.D. Mich. Mar. 30, 2004) (citing *English v. Bousamra*, 9 F. Supp. 2d 803, 808 (W.D. Mich. 1998) (in turn citing *Turner v. Mercy Hosp. & Health Servs. of Detroit*, 210 Mich. App. 345, 350, 533 N.W.2d 365, 367 (1995) and *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1335 (6th Cir. 1995))). Plaintiff does not allege that defendants committed any acts or misrepresentations to conceal the existence of his claim, and thus he is not entitled to equitable tolling under Michigan law.

Moreover, plaintiff cannot show that he is entitled to equitable tolling even if federal tolling principles are applied. To be entitled to equitable tolling of a limitations period under federal law, a plaintiff "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549

6

U.S. 327, 336 (2007) (quoting *Pace v. Diuguglielmo*, 544 U.S. 408, 418 (2005)); *see also*, *Holland v. Florida*, 560 U.S. 631, 649 (2010). As a basis for equitable tolling, plaintiff contends that his criminal defense counsel improperly told him that the limitations period would be tolled during the time of his incarceration. This type of attorney error simply does not constitute the type of "extraordinary circumstance" that justifies equitable tolling of the limitations period. Simply put, "[e]quitable tolling does not apply to garden variety claims of excusable neglect, such as an attorney miscalculation leading to a missed deadline." *Arctic Slope Native Ass'n, Ltd. v. Sebelius*, 699 F.3d 1289, 1295 (Fed. Cir. 2012); *see also*, *Lawrence*, 549 U.S. at 336-37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). "A lawyer's ineptitude does not support equitable tolling. The remedy is not continued litigation against defendants, who are entitled to stand on their right to dismissal when the plaintiff does not file a timely suit; the remedy is a malpractice action against the lawyer whose negligence is responsible for the problem." *Lee v. Cook County, Ill.*, 635 F.3d 969, 973 (7th Cir. 2011); *see also*, *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (discussing cases).

It is true, as plaintiff notes, that egregious attorney misconduct may be sufficiently extraordinary to justify equitable tolling. *See Holland*, 560 U.S. at 651-52. To establish the type of misconduct that rises to this level, however, it is not enough to simply show that the attorney committed a legal or factual error that caused plaintiff to miss the filing deadline. *See id.* at 652 (citing *Lawrence*, 549 U.S. at 336). Generally, egregious attorney misconduct results where counsel abandons the client, lies to the client about having filed a timely pleading, or ignores a client's express instructions to file a pleading. *See Nelson v. Nicholson*, 19 Vet. App. 548, 553 (2006) (discussing cases). Plaintiff does not allege this type of attorney misconduct. The error of plaintiff's

7

attorney–who was not even retained in connection with plaintiff's current civil suit but merely represented him in the criminal case in state court–constitutes nothing more than a "'[s]imple mistake[] about the rules' for filing deadlines" which "constitute[s] the type of 'ordinary' attorney error that will fail to toll the limitations period[.]" *Caragena v. Corcoran*, No. 04-CV-4329, 2008 WL 630064, at *4 (E.D.N.Y. Mar. 3, 2008) (quoting *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003)). Counsel's error regarding the tolling effect of plaintiff's incarceration does not constitute the type of egregious misconduct justifying equitable tolling. *See Smaldone v. Senkowski*, 273 F.3d 133, 138-39 (2d Cir. 2001) (attorney's incorrect belief that habeas limitations period is reset, rather than tolled, while pursuing state remedies, did not constitute extraordinary circumstances). In short, plaintiff's "reliance on the unreasonable and incorrect advice of his . . . attorney is not a ground for equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *see also*, *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("[A]ttorney error, miscalcuation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances requires for equitable tolling.").

D.      *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's claims are barred by the statute of limitations, and that plaintiff is not entitled to equitable tolling. Accordingly, the Court should grant defendants' motion for summary judgment.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: December 3, 2014          s/Paul J. Komives
                                  PAUL J. KOMIVES
                                  UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing was sent to parties of record on December 3, 2014, electronically and/or by U.S. Mail.
                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Paul J. Komives